UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAYLON HOWARD<br>1039 Reinhard Avenue<br>Columbus, Ohio 43206<br><br>and<br><br>TRACY DEWALD<br>1433 Hunters Lake Drive E<br>Cuyahoga Falls, Ohio 44221<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TIME WARNER CABLE INC.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>and<br><br>CHARTER COMMUNICATIONS, LLC<br>c/o CSC-Lawyers Incorporating Service<br>50 W. Broad St., Suite 1800<br>Columbus, Ohio 43215<br><br>and<br><br>TWC ADMINSTRATION LLC<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE<br><br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs Daylon Howard and Tracy Dewald, by and through counsel, and for their Complaint against Defendants Time Warner Cable Inc., Charter Communications, LLC and TWC Administration LLC ("Time Warner"), state and allege the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiffs were citizens of the United States and residents of the State of Ohio.

5. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant Time Warner Cable Inc. was a for profit foreign corporation, organized and incorporated in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division, and has its

principle office within Ohio located in Franklin County at 1266 Dublin Road, Columbus, Ohio.

7. At all times relevant herein, Defendant Charter Communications, LLC was a for profit foreign corporation, registered, organized and formed in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division.

8. At all times relevant herein, Defendant TWC Administration LLC was a for profit foreign corporation, registered, organized, and formed in the State of Delaware, and doing and conducting business throughout the United States, including in this District and Division.

9. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, and upon information and belief, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

13. Defendants hired employees, such as Plaintiffs, who processed customers' credit cards, interacted with out of state customers, ordered supplies from out of state vendors, and used supplies and products that were purchased from out of state and/or traveled in interstate commerce.

14. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as they used

tools, products, and equipment that traveled in interstate commerce.

15. As a regular and recurrent part of Plaintiffs' employment duties, they processed sales transactions and services by regularly using instrumentalities of interstate commerce in their work. Plaintiffs received telephone calls from Defendants' customers using telephones, computers, and headsets, which also traveled in interstate commerce.

16. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendants are a cable telecommunications company(s) that own and operate a number of call centers that sell products and services to customers, such as residential cable, internet, home phone, and home management services nationwide, including in Ohio.

18. Plaintiff Daylon Howard was employed by Defendants as an inbound sales representative from March 2015 through September 2015 at Defendants' Columbus, Ohio call center location.

19. Plaintiff Tracy Dewald was employed by Defendants as an inbound sales representative from March 2011 through November 2016 at Defendants' Akron, Ohio call center location.

20. Other similarly-situated employees were employed by Defendants as inbound sales representatives in call centers located throughout the United States, including in Ohio, and they were primarily responsible for selling cable, internet, phone, and home management services and/or upselling to customers who called Defendants' call centers.

21. Plaintiffs and other similarly-situated inbound sales representatives were classified by Defendants as non-exempt employees.

4

22. Plaintiffs and other similarly-situated inbound sales representatives were paid by Defendants on an hourly basis, plus commissions.

23. Plaintiffs and the other similarly-situated inbound sales representatives earned less in commissions than their hourly wages.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

24. Plaintiffs and other similarly-situated employees were required by Defendants to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendants' computer systems, numerous software applications, and phone systems.  Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

25. By common policy and practice, Plaintiffs and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

26. Defendants arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

27. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

28. Plaintiffs estimate that they spent approximately 15-20 minutes before their shifts start times clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and phone systems.

29. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendants.

30. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendants' computer systems, applications, and phone systems.

31. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

32. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees. They could not perform their work without booting up Defendants' computer systems, applications, and phone systems.

33. Defendants knowingly and willfully failed to pay Plaintiffs and other similarly-situated inbound sales representatives for starting and logging into Defendants' computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

34. As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

35. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

36. Defendants failed to make, keep and preserve records of the unpaid work

6

performed by Plaintiffs and other similarly-situated employees before clocking in each day.

37. The amount of time Plaintiffs and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 15-20 minutes when Defendants' computer systems were working properly, or longer when Defendants' computer systems were slow or not working.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

39. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All former and current inbound sales representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC nationwide who worked over 40 hours in one or more workweeks at any time between November 29, 2013 and the present.

40. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several thousand persons.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representatives of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

7

42. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current inbound sales representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC in the State of Ohio who worked over 40 hours in one or more workweeks at any time between November 29, 2013 and the present.

44. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, aver that it consists of at least 1,000 persons.

45. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   a) whether Defendants failed to pay overtime compensation to their inbound sales representatives for hours worked in excess of 40 each workweek; and

   b) what amount of monetary relief will compensate Plaintiffs and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

46. Named Plaintiffs Daylon Howard and Tracy Dewald will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has

8

broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

49. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

51. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

52. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

53. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

54. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

55. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

56. Defendants' practice and policy of practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03.

57. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

58. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated inbound sales representatives violated the OMFWSA, R.C. 4111.03.

59. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated inbound sales representatives have been damaged in that they have not received wages

due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A.    Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    Award Plaintiffs and the classes they represent actual damages for unpaid overtime compensation;

D.    Award Plaintiffs and the classes they represent liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs and the classes;

E.    Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rate;

F.    Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

G.    Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ Chastity L. Christy
    Chastity L. Christy (0076977)
    Anthony J. Lazzaro (0077962)
    The Lazzaro Law Firm, LLC
    920 Rockefeller Building
    614 W. Superior Avenue
    Cleveland, Ohio 44113
    Phone: 216-696-5000

                                Facsimile: 216-696-7005
                                anthony@lazzarolawfirm.com
                                chastity@lazzarolawfirm.com
                                Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all eligible claims and issues.

                                /s/ Chastity L. Christy
                                One of the Attorneys for Plaintiffs